**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ATM METABOLICS, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>HOLISTA COLLTECH LIMITED, IGALEN, INC., RAJEN MANICKA, and KOSTA GARA,<br><br>   Defendants. | Case No. 19-cv-00170 DMS (MDD)<br><br>**ORDER (1) DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1), (2) GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND (3) DENYING DEFENDANT RAJEN MANICKA'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS** |

This case comes before the Court on Defendants' motions to dismiss for (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction and failure to state a claim against Defendant Kosta Gara and (3) insufficient service of process against Defendant Rajen Manicka. Plaintiff filed an opposition to each motion, and Defendants filed a reply for each motion. For the reasons discussed below, the Court denies the motion to dismiss for lack of subject matter jurisdiction, grants the motion to dismiss for lack of personal jurisdiction, and denies the motion to dismiss for insufficient service of process.

/ / /

# I.

# BACKGROUND

Plaintiff ATM Metabolics, LLC "is a leading research firm dedicated to the discovery of new and useful ways to improve metabolic and neurological function." (First Am. Compl. ("FAC") ¶13.) One of Plaintiff's discoveries, "a naturally derived compound that has a unique ability to support the human metabolic pathway[,]" (*id.* ¶16), has been marketed under the Emulin® Mark, and been granted patent protection in the United States and abroad. The two United States Patents are Patent Numbers 7,943,164 ("the '164 Patent") and 8,198,319 ("the '319 Patent"). (*Id.* ¶18.)

Defendant Rajen Manicka is the Founder and CEO of Defendant Holista Colltech Limited. (*Id.* ¶21.) According to Plaintiff, "Holista works through iGalen, of which Holista owns 47%, to manage and grow a distribution network for its nutraceutical products." (*Id.* ¶22.) Plaintiff alleges Defendant Kosta Gara "is the Chief Corporate Advisor of iGalen, and, upon information and belief, directs, controls, ratifies, participates in, and/or is the moving force behind iGalen's business decisions as it concerns its relationship with ATM[.]" (*Id.* ¶24.)

That relationship began on January 9, 2017, when Plaintiff and Holista entered into an Exclusive Product Management Agreement and Distribution Agreement ("the Agreement"). (*Id.* ¶29.) Pursuant to this Agreement, Plaintiff granted Holista, "in part, the exclusive right to market, promote, and sell Emulin®[ ] in the Multi-Level-Marketing ('MLM') space throughout the world, in exchange, in pertinent part, for royalty payments." (*Id.* ¶30.) Plaintiff alleges Holista failed to meet its contractual obligations, (*id.* ¶32), and as a result, Plaintiff terminated the Agreement. (*Id.* ¶59.) Plaintiff alleges Holista has refused to comply with its obligations upon termination of the Agreement, including ceasing its use of Plaintiff's trademarks. (*Id.* ¶67.)

As a result, Plaintiff filed the present case. In its original Complaint, Plaintiff alleged one claim for breach of contract and two claims for declaratory relief, and

alleged this Court had diversity jurisdiction. After Defendants filed a motion to dismiss for lack of subject matter jurisdiction, Plaintiff filed a First Amended Complaint, in which it realleged the claims in its original Complaint and added claims for trademark and patent infringement and federal question jurisdiction. In response, Defendants filed the present motions.

This is not the only case currently pending between these parties, however. Prior to Plaintiff's filing in this Court, Holista filed a case against Plaintiff in San Diego Superior Court for breach of contract, intentional interference with contractual relations, intentional interference with prospective economic advantage and trade libel. (Mem. of P. & A. in Supp. of Mot. to Dismiss for Lack of Subject Matter Jurisdiction at 6, ECF No. 31-1.) Plaintiff filed an answer to that complaint the day before filing the present case, and the state court case is currently in discovery and set for trial on March 6, 2020. (*Id.*)

## II.

## DISCUSSION

As stated above, Defendants move for dismissal based on lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim and insufficient service of process. The Court addresses each of these arguments below.

### A.  Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides for motions to dismiss based on lack of subject matter jurisdiction. "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039.

1      Here, Defendants are raising a facial attack. "A district court resolves a facial
2  attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's
3  allegations as true and drawing all reasonable inferences in the plaintiff's favor, the
4  court determines whether the allegations are sufficient as a legal matter to invoke
5  the court's jurisdiction." *Leite*, 749 F.3d at 1121 (citing *Price v. Correa*, 719 F.3d
6  1130, 1133 (9th Cir. 2013)).
7      In the First Amended Complaint, Plaintiff alleges the Court has jurisdiction
8  over this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The
9  parties do not appear to dispute that the Court does not have exclusive jurisdiction
10 of Plaintiff's trademark claims, its breach of contract claim or its declaratory relief
11 claims. The only dispute here is whether the Court has exclusive jurisdiction over
12 Plaintiff's claim for willful patent infringement.
13     Title 28 U.S.C. § 1338(a) provides:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.

28 U.S.C. § 1338(a). Here, Defendants argue Plaintiff's claim for willful patent infringement does not "arise under" federal patent law. Rather, they assert this claim arises out of the parties' contract. However, the Court disagrees. That the parties also have a contractual dispute does not mean Plaintiff's patent claim arises out of the parties' contract. The contract may provide context for the patent claim, but the patent claim does not arise from the contract. Rather, it arises from Plaintiff's rights in and to the patent under federal patent law. This straightforward claim for patent "alone confers § 1338 jurisdiction." *Air Measurement Techs., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*, 504 F.3d 1262, 1270-72 (Fed. Cir. 2007). *See also Amity Rubberized Pen Co. v. Market Quest Group Inc.*, 793 F.3d 991, 994 (9th Cir.

2015) (stating claims for patent infringement and inducement of patent infringement "unmistakably arise[ ] under the patent laws"). Because this claim "arises under" the patent law, this Court has exclusive jurisdiction over the claim, and supplemental jurisdiction over the remaining claims.

The Court's exclusive jurisdiction over the patent claim dooms Defendants' argument that the Court should abstain from hearing this case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). *See Kansas Public Employees Retirement System v. Reimer & Koger Associates, Inc.*, 77 F.3d 1063, 1071 (8th Cir. 1996) ("Abstention under *Younger* … is inappropriate where a federal court has exclusive jurisdiction over a claim."); *Minucci v. Agrama*, 868 F.2d 1113, 1115 (9th Cir. 1989) (finding *Colorado River* doctrine inapplicable where claim "is within the exclusive jurisdiction of the federal courts …."); *Levy v. Lewis*, 635 F.2d 960, 967 (2d Cir. 1980) ("The ability to raise federal claims in state proceedings has always been a prerequisite to *Younger* abstention, and it is clear as well that abstention for purposes of judicial economy under *Colorado River* applies only where concurrent federal-state jurisdiction exists.") Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

**B.     Personal Jurisdiction**

Next, Defendants argue the Court should dismiss the case against Defendant Kosta Gara for lack of personal jurisdiction. On a motion to dismiss, the plaintiff bears the burden "to establish the district court's personal jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)).

Because "California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution[,]" this Court "'need only determine whether personal jurisdiction in this case would meet the requirements of due process.'" *Id.* at 1129 (citations omitted). "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073-74 (9th Cir. 2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 216 (1945)) (quotations omitted).

In this case, Plaintiff does not argue Defendant Gara is subject to general jurisdiction in California. Rather, it argues Defendant Gara is subject to specific jurisdiction. The Ninth Circuit has established a three-prong test for determining whether a party is subject to specific personal jurisdiction:

> "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable."

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

Here, Defendants argue Plaintiff has failed to meet the first requirement of purposeful direction or availment. In support of this argument, Defendants rely on Mr. Gara's sworn statement, in which he states, "I do not have any bank accounts in California. I do not own a business incorporated in California. I am not a California

citizen. I currently have no ties to California, nor did I have ties to California at the times alleged in the complaint." (Sworn Statement of Kosta Gara in Supp. of Mot. to Dismiss ("Gara Statement") ¶ 2.) Mr. Gara further states, "I was not a party to the contract attached to the complaint, and I never agreed to be subject to the jurisdiction of California courts." (*Id.* ¶ 5.)

Plaintiff did not submit any evidence to rebut Mr. Gara's sworn statement. Instead, it simply relies on the allegations in the First Amended Complaint that Mr. Gara "directed, controlled, ratified, participated in and/or was the moving force behind Hollista's and iGalen's unlawful practices," (FAC ¶ 8) and that Mr. Gara "is the Chief Corporate Advisor of iGalen, . . . and/or is the moving force behind iGalen's business decisions as it concerns its relationship with ATM[.]" (*Id.* ¶ 24.) However, Mr. Gara disputes these allegations. Specifically, he states, "I am not an employee, contractor, owner, investor, on the board of directors, or in anyway affiliated with Hollista Colltech, Ltd. ('Holista') and iGalen, Inc. ('iGalen')[,]" (Gara Statement ¶ 3), and "I have never influenced Rajen Manicka, Holista or iGalen on what to do with whatever products they sell. All decisions made by Holista and iGalen are made by their own employees, owners, shareholders, directors and/or contractors." (*Id.* ¶ 4.)

In light of Mr. Gara's statement, the Court may not assume the truth of Plaintiff's allegations. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (citing *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967)). And without them, there is nothing to support this Court's exercise of personal jurisdiction over Mr. Gara. Accordingly, the Court grants Defendants' motion to dismiss Mr. Gara from this case.[1]

///

---

[1] In light of this ruling, the Court declines to address whether Plaintiff has stated a claim against Mr. Gara.

### C. Insufficient Service of Process

The final motion before the Court is Defendants motion to dismiss Rajen Manicka from the case for insufficient service of process. Federal Rule of Civil Procedure 12(b)(5) allows for dismissal of a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Service of process is governed by Federal Rule of Civil Procedure 4.

> The general attitude of the federal courts is that the provisions of Federal Rule 4 should be liberally construed in the interest of doing substantial justice and that the propriety of service in each case should turn on its own facts within the limits of the flexibility provided by the rule itself.

4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1083 (3d ed. 2002) (footnotes omitted). However, "[t]he goal of liberal construction 'cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had.'" *Id.*

Federal Rule of Civil Procedure 4(f) governs service of process upon an individual in a foreign country. It states:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> >
> > (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> >
> > > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

>>(B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
>>(C) unless prohibited by the foreign country's law, by
>
>>>(i) delivering a copy of the summons and of the complaint to the individual personally; or
>
>>>(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
>(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Here, Plaintiff argues it served Mr. Manicka pursuant to Rule 4(f)(2)(C)(ii). Specifically, Plaintiff's counsel submitted to the Clerk of Court a FedEx package for service on Mr. Manicka, which the Clerk of Court then transmitted to Mr. Manicka via signature-required international Fedex. (*See* 4/29/19 ECF entry.) That package was delivered to Mr. Manicka's business address in Malaysia, and signed for by F. Sarina, receptionist/front desk. (*See* ECF No. 17 at 4.) Plaintiff argues this method of service was approved in *Dee-K Enterprises Inc. v. Heveafil Sdn. Bhd.*, 174 F.R.D. 376 (E.D. Va. 1997), and following that decision, this Court should find service was effective here.

In *Dee-K*, the court was presented with the same issue raised in this case, namely whether service by international courier on a defendant in Malaysia satisfies Rule 4(f)(2)(C)(ii). After considering the plain language of the Rule, and evidence from a Malaysian law firm, the *Dee-K* court concluded that manner of service complied with the Rule. Defendants argue *Dee-K* is distinguishable because it dealt with a corporate defendant rather than an individual defendant, but the Rule for service on foreign corporations, Rule 4(h)(2), specifically incorporates Rule 4(f), which is the Rule applicable to individuals. Defendants' other arguments against

application of *Dee-K* are equally unpersuasive. Contrary to Defendants' position, this Court finds the reasoning of *Dee-K* to be sound, and fully applicable to the facts of this case. Adopting that reasoning here, Plaintiff effected service on Defendant Rajen Manicka in accordance with Federal Rule of Civil Procedure 4(f)(2)(C)(ii). Accordingly, Defendants' motion to dismiss him from the case for insufficient service of process is denied.

## III.
## CONCLUSION AND ORDER

For the reasons set out above, the Court denies Defendants' motion to dismiss for lack of subject matter jurisdiction and denies Defendants' motion to dismiss for insufficient service of process. The Court grants Defendants' motion to dismiss for lack of personal jurisdiction, but grants Plaintiff's request for leave to amend to cure that defect. Plaintiff's Second Amended Complaint shall be filed on or before **October 11, 2019**.

**IT IS SO ORDERED**.

Dated: October 2, 2019

Hon. Dana M. Sabraw
United States District Judge